UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20438-GAYLES(s)

UNITED STATES OF AMERICA

v.

REINALDO FERNANDEZ,
        a/k/a "Bolo,"
        a/k/a "Rey,"
JAVIER GARCIA-MORA,
MICHEL GARCIA,
        a/k/a "Cassi Clay,"
RENIER MENDEZ,
ALFREDO MIRANDA,
YANIEL CARDENAL FRIAS,
ALBERTO GONZALEZ,
DANIEL GERARDO TORRES, and
JORGE VICTOR HERRERO GAMEZ,

        Defendants.
_____/

**GOVERNMENT'S FIRST RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Orders entered in this case.[1]  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.  Pursuant to Federal Rule of Criminal Procedure 16.1, the undersigned conferred via email with defense counsel of record about the timing and procedures for producing discovery. The Court has entered Protective Orders [ECF Nos. 39, 68, 100, 112] regarding confidential discovery in this case.

> A.    1.    To the extent they exist, attached are copies of any written statements made by the Defendants, and copies of any audio/video recordings which contain recordings of conversations had by the Defendants.

---

[1] Orders were entered individually on various dates when Defendants appeared for their respective arraignments.

2.      To the extent they exist, attached is the portion of the written record containing the substance of any oral statements made by the Defendants before or after arrest in response to interrogation by any person then known to the Defendants to be a government agent.

3.      No Defendant has testified before the Grand Jury in connection with the charged offenses.

4.      Each Defendant's prior criminal record, as documented by the National Crime Information Center, has been produced to their respective counsel.

5.      The United States will produce, on a rolling basis, in electronic format, certain books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the Defendants' defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the Defendants.

With respect to other books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the Defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the Defendant, these materials will be made available by the United States and may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. Please call the undersigned with 48 hours' notice if you intend to review the evidence at this date and time.

The documents made available pursuant to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6.      Laboratory analysis reports regarding the substances and firearms seized in connection with this case are attached. Additional laboratory analyses of the substances seized in connection with this case will be made available to you upon receipt by this office.

B.      **DEMAND FOR RECIPROCAL DISCOVERY:** Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The government will disclose any information or material which may be

2

favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No Defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the Defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the Defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.    Defendants Alberto Gonzalez, Daniel Gerardo Torres, and Jorge Victor Herrero Gamez <u>are not</u> aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. § 2516 and 18 U.S.C § 2518 and that has been unsealed in accordance with 18 U.S.C § 2518.

The remaining Defendants <u>are</u> aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of relevant electronic surveillance that was authorized pursuant to 18 U.S.C. § 2516 and 18 U.S.C § 2518 and that has been unsealed in accordance with 18 U.S.C § 2518.

3

The electronic surveillance recordings have been provided to all Defendants.

J.        The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.        The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed.  As usual, random samples will be set aside to be used as evidence at trial.

L.        The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.        The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the Defendant.

N.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to the Standing Discovery Order, Local Rule 88.10(b), and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time: Please see discovery.
Date:  Please see discovery and Superseding Indictment.
Place: Please see discovery and Superseding Indictment.

The United States has made, or has made available, the following discovery productions, with indices, to all Defendants.  Due to the size of the productions, the discovery has been produced on flash or hard drives provided by counsel for the Defendants.  These productions are confidential and are subject to the Protective Orders [ECF Nos. 39, 68, 100, 112] entered in this case.

4

Additionally, each Defendant's prior criminal record and Florida Driver and Vehicle Information Database record has been produced to their respective counsel.

| Production Number | Date | General Summary of Contents |
|---|---|---|
| Production 1 - CONFIDENTIAL | October 23, 2025 and thereafter (based on arraignment dates) | DEA-6 Reports; ATF Report; Subpoena Returns; Search Warrants; Title III Applications and Orders; Title III Intercepts |
| Production 2 - CONFIDENTIAL | November 18, 2025 | Subpoena Returns; Laboratory Reports; Surveillance Operational Pictures and Videos; Administrative Subpoena Returns |

In addition, on October 10, 2025, the United States sent, via secure email, to counsel for Defendant Yaniel Cardenal Frias discovery Bates labeled CARDENAL_00001 through CARDENAL_00039.

Please contact the undersigned Assistant United States Attorney if any documents or pages are missing.

The United States continues to collect evidence from investigating agencies and anticipates additional discovery productions to defense counsel over the coming weeks.

Respectfully Submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Daya Nathan*
Daya Nathan
Assistant United States Attorney
Florida Bar No. 74392
United States Attorney's Office
99 NE 4th Street, 8th Floor
Miami, FL 33132
Tel.: 305-961-9147
Email: daya.nathan@usdoj.gov