UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20438-GAYLES(s)

UNITED STATES OF AMERICA

v.

REINALDO FERNANDEZ,
    a/k/a "Bolo,"
    a/k/a "Rey,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Reinaldo Fernandez (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges the Defendant with conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846. The elements of Count 1 are: two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to distribute and possess with intent to distribute a controlled substance; and the defendant knew the unlawful purpose of the plan and willfully joined in it. *See* Eleventh Circuit Criminal Pattern Jury Instructions, Offense Instruction 100 (2024).

2. This Office agrees to seek dismissal of any remaining counts in the Superseding Indictment, as to this Defendant, after sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant understands and acknowledges that, as to Count 1, the Court must impose a minimum term of imprisonment of 10 years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of at least 5 years and up to life. The Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release. In addition to a term of imprisonment and supervised release, the Court will impose a fine of up to $10,000,000 and will order forfeiture and restitution if applicable.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed on the Defendant. *See* 18 U.S.C. § 3013. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will move the Court for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the Defendant be sentenced at the low end of the guideline range, as that range is determined by the

3

Court. This Office, however, will not be required to make this motion and these recommendations if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Quantity of drugs</u>: That the quantity of controlled substance (cocaine) involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is at least fifty (50) kilograms but less than one-hundred and fifty (150) kilograms.

    b. <u>Maintaining a premises</u>: That the Defendant should receive a two-level increase for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, pursuant to Section 2D1.1(b)(12) of the Sentencing Guidelines.

    c. <u>Role in the offense</u>: That the Defendant should receive a two-level increase as an organizer, leader, manager, and/or supervisor, pursuant to Section 3B1.1 of the Sentencing Guidelines.

9. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines.

10. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

11. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense in Count 1, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a.    a forfeiture money judgment in the sum of $500,000 in U.S. currency, which sum represents the value of proceeds derived from the commission of the offense of conviction; and

    b.    directly forfeitable property, including:

        i.    approximately $100,020 in U.S. currency;

        ii.    approximately $111,580 in U. S. currency;

        iii.    approximately $29,000 in U.S. currency;

        iv.    approximately $204,280 in U.S. currency; and

        v.    approximately $41,056 in U.S. currency.

12.    The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13.    The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant further agrees to waive:

any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

14. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to conspiracy to distribute and possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 846, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

15. If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.      The United States will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this agreement; and

    b.      The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the defendant agrees to waive any statute-of-limitations defense.

16.    This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 1/5/26    By: _____
DAYA NATHAN
ASSISTANT UNITED STATES ATTORNEY

Date: 1/5/26    By: _____
JEAN-PIERRE GILBERT
ATTORNEY FOR DEFENDANT

Date: 1-5-26    By: FERNANDEZ REINALDO
REINALDO FERNANDEZ
DEFENDANT

8