**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20438-GAYLES(s)**

UNITED STATES OF AMERICA

v.

REINALDO FERNANDEZ,

      **Defendant.**

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 21 U.S.C. § 853 and the procedures set forth in Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves for the entry of a Preliminary Order of Forfeiture against Defendant Reinaldo Fernandez in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $500,000 and the forfeiture of certain property in satisfaction thereof. In support of this motion, the United States provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 12, 2025, a federal grand jury returned a Superseding Indictment charging the Defendant in Count 1 with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, among other counts. Superseding Indictment, Dkt. No. 109. The Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 846, the Defendant shall forfeit any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such offense, pursuant to Title 21 , United States Code, Section 853.

The Indictment alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to:

(i)      Approximately $100,020 in U.S. currency;

(ii)     Approximately $111 ,580 in U. S. currency;

(iii)    Approximately $29,000 in U.S. currency;

(iv)    Approximately $204,280 in U.S. currency; and

(v)     Approximately $41 ,056 in U.S. currency.

*See id.* at 6-7.[1]

On January 5, 2026, the Court accepted the Defendant's guilty plea to Count 1 of the Superseding Indictment. *See* Minute Entry, Dkt. No. 139; Plea Agreement ¶ 1, Dkt. No. 141. As part of the guilty plea, the Defendant agreed to the forfeiture of the currency listed in the Indictment and the entry of a forfeiture money judgment in the amount of $500,000. Plea Agreement ¶ 11, Dkt. No. 141

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, Dkt. No. 140. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, Dkt. No. 223.

---

[1] The DEA is administratively forfeiting the currency identified in the Superseding Indictment.

## II.   MEMORANDUM OF LAW

### A.  Directly Forfeitable Property

Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, is subject to forfeiture to the United States, pursuant to 21 U.S.C. § 853.

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 21 U.S.C. § 853. Criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at

sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional

evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008). The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *United States v. Vico*, 2016 WL 233407, at *7 (S.D. Fla. Jan. 20, 2016) (calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

### C.  Property Subject to Forfeiture in Instant Criminal Case

As set forth in the Factual Proffer, Dkt. No. 140, beginning, at least as early as September 2024, and continuing through September 16, 2025, in Miami-Dade County, in the Southern District of Florida, the Defendant did knowingly and willfully combine, conspire, confederate, and agree with others to distribute and possess with intent to distribute more than fifty (50) but less than one-hundred and fifty (150) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846.

Using investigatory techniques, including federally authorized wiretaps from May 16, 2025 through September 16, 2025, physical surveillance, and search warrants, the Drug Enforcement Administration and other law enforcement agencies established that, between at least September 2024 and September 2025, the Defendant conspired with co-defendants and others to distribute and possess with the intent to distribute kilogram quantities of cocaine on various dates. More specifically, the Defendant bought cocaine from a Mexican drug cartel and sold it in South Florida.

The Defendant recruited and hired drivers whom he introduced to the Mexican drug cartel; the drivers transported narcotics and currency for the Defendant and others. The Defendant also bought and sold cocaine from and to individuals in South Florida. As set forth herein, the Defendant was a manager or supervisor of one or more participants in the narcotics conspiracy, tand the Defendant maintained a premises for the purpose of manufacturing or distributing cocaine. The Defendant agrees that, during the course of the conspiracy, he obtained over $500,000 in proceeds from narcotics trafficking. *Id.* at 1-2.

Based on the record in this case, the total value of the proceeds traceable to Count 1 is $500,000, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, pursuant to 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

**LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on April 1, 2026, and there is no objection to the motion.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:      *s/ G. Raemy Charest-Turken*
Gabrielle Raemy Charest-Turken
Assistant United States Attorney

Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov