**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20438-GAYLES(s)**

**UNITED STATES OF AMERICA**

**v.**

**REINALDO FERNANDEZ,**

    **Defendant.**

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture [ECF No. 229] ("Motion") against Defendant Reinaldo Fernandez (the "Defendant").  The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On November 12, 2025, a federal grand jury returned a Superseding Indictment charging the Defendant in Count 1 with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, among other counts. Superseding Indictment, Dkt. No. 109. The Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 846, the Defendant shall forfeit any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21 , United States Code, Section 853.

The Indictment alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to:

    (i)    Approximately $100,020 in U.S. currency;

      (ii)      Approximately $111 ,580 in U. S. currency;

      (iii)     Approximately $29,000 in U.S. currency;

      (iv)     Approximately $204,280 in U.S. currency; and

      (v)      Approximately $41 ,056 in U.S. currency.

*See id.* at 6-7.[1]

On January 5, 2026, the Court accepted the Defendant's guilty plea to Count 1 of the Superseding Indictment. *See* Minute Entry, Dkt. No. 139; Plea Agreement ¶ 1, Dkt. No. 141. As part of the guilty plea, the Defendant agreed to the forfeiture of the currency listed in the Indictment and the entry of a forfeiture money judgment in the amount of $500,000. Plea Agreement ¶ 11, Dkt. No. 141

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, Dkt. No. 140. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, Dkt. No. 223.

As set forth in the Factual Proffer, Dkt. No. 140, beginning, at least as early as September 2024, and continuing through September 16, 2025, in Miami-Dade County, in the Southern District of Florida, the Defendant did knowingly and willfully combine, conspire, confederate, and agree with others to distribute and possess with intent to distribute more than fifty (50) but less than one-hundred and fifty (150) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846.

---

[1] The DEA is administratively forfeiting the currency identified in the Superseding Indictment.

Using investigatory techniques, including federally authorized wiretaps from May 16, 2025 through September 16, 2025, physical surveillance, and search warrants, the Drug Enforcement Administration and other law enforcement agencies established that, between at least September 2024 and September 2025, the Defendant conspired with co-defendants and others to distribute and possess with the intent to distribute kilogram quantities of cocaine on various dates.  More specifically, the Defendant bought cocaine from a Mexican drug cartel and sold it in South Florida. The Defendant recruited and hired drivers whom he introduced to the Mexican drug cartel; the drivers transported narcotics and currency for the Defendant and others. The Defendant also bought and sold cocaine from and to individuals in South Florida. As set forth herein, the Defendant was a manager or supervisor of one or more participants in the narcotics conspiracy, and the Defendant maintained a premises for the purpose of manufacturing or distributing cocaine. The Defendant agrees that, during the course of the conspiracy, he obtained over $500,000 in proceeds from narcotics trafficking. *Id.* at 1-2.

Based on the record in this case, the total value of the proceeds traceable to Count 1 is $500,000, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.     Pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $500,000 is hereby entered against the Defendant.

2.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of April 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

4